UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERI A. JORDAN, as Personal
Representative for MICHAEL MILLER,
Deceased,

      Plaintiff,                            No. 14-13796

v.                                      District Judge Gerald E. Rosen
                                           Magistrate Judge R. Steven Whalen

CITY OF TAYLOR, ET AL.,

      Defendants.
_____/

**OPINION AND ORDER**

For the reasons discussed below, Plaintiff's Motion to Compel Production of the Internal Investigation Documents [Doc. #24] is GRANTED IN PART AND DENIED IN PART.

**I.    BACKGROUND**

At approximately 3:00 p.m. on September 9, 2012, Michael Miller was arrested at a Kmart in Taylor, Michigan after officers of the Taylor Police Department were dispatched to respond to a possible retail fraud. Mr. Miller informed the officers that he had taken a high dose of Vicodin. Mr. Miller was placed in a detoxification cell at the station house. He was later found unresponsive during officers' rounds, and emergency medical assistance arrived after 9:00 p.m. Although EMS technicians performed CPR and obtained a pulse, Mr. Miller died after being taken to the hospital.

Plaintiff seeks discovery of Taylor Police Department documents generated during an internal affairs investigation into the incident. The Defendants object based on the deliberative process privilege. The Defendants provided the documents to the Court for

*in camera* review.

## II. LEGAL PRINCIPLES

In *Liuzzo v. United States,* 508 F.Supp. 923, 937 (E.D.Mich.1981), the Court held that the deliberative process privilege protects from discovery "intra-governmental documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." To come within the protection of the deliberative process privilege, the material must of necessity be "deliberative" or "evaluative." In the oft-cited case of *Kaiser v. Aluminum & Chemical Corp. v. United States,* 141 Ct.Cl. 38, 157 F.Supp. 939, 946 (1958), the Court explained that while the privilege applies to "confidential intraagency advisory opinions," it does not extend to "objective facts" upon which an agency's decisions are based. In *Ostoin v. Waterford Twp. Police Dept.*, 189 Mich.App. 338, 471 N.W.2d 668 (1991), the Court explained:

> "Whether applied to administrative litigation against the federal government or civil rights litigation against police departments, the central question in the application of the privilege is whether the material sought is factual or evaluative. See *McClelland v. Andrus,* 196 U.S.App.D.C. 371, 379-381, 606 F.2d 1278 (1979)....The purpose of the deliberative-process privilege is to foster freedom of expression among governmental employees involved in decision making and policy formulation. Accordingly, factual material falls outside the scope of the privilege; to be protected, the material must comprise part of the deliberative or evaluative process. *McClelland, supra,* 196 U.S.App.D.C., p. 380, 606 F.2d 1278. Moreover, the privilege protecting deliberative and evaluative data may be overcome by a sufficient showing of need. *Liuzzo v. United States,* 508 F.Supp. 923, 938 (E.D.Mich.1981); *McClelland, supra,* 196 U.S.App.D.C., p. 382, 606 F.2d 1278."

See also *Lewis v. City of Detroit,* 234 F.R.D. 157, 160 (E.D.Mich.2006)(the privilege does not extend to the facts upon which an agency's decisions are based).

Factual material may be withheld only when it "is so inextricably connected to the deliberative material that its disclosure would reveal the agency's decision making

processes ... or when it is impossible to segregate in a meaningful way portions of the factual information from the deliberative information." *Moody v. Michigan Gaming Control Bd.*, 2013 WL 3013862, *4 (E.D.Mich. 2013)(quoting *Nadler v. United States Dep't of Justice,* 955 F.2d 1479, 1491 (11th Cir.1992)).

### III.  DISCUSSION

I have now reviewed the Taylor Police Department documents *in camera*, and it is clear that, with two small exceptions, the material is purely factual. Bates Nos. 1-4 are summaries of interviews of officers that had knowledge of the events giving rise to this lawsuit. The officers state what they observed and what they did on the night in question. The statements are in no way deliberative, nor do they reveal the Taylor Police Department's deliberative or evaluative process. Pages 1-4 are therefore discoverable. However, page 5 does constitute evaluative opinions, and is protected from disclosure.

Pages 6 through 28 are the written statements of both police witnesses and personnel at Kmart. Again, with one small exception, the witnesses merely recount what they saw and what they did. This factual material is discoverable. *See Ostoin*, 471 N.W.2d at 669 (witness statements gathered during an internal affairs investigation are discoverable). However, the statement of Officer Yunk at page 17, question 23 constitutes an evaluative opinion, and may be redacted.

### IV.  CONCLUSION

Accordingly, Plaintiff's motion [Doc. #24] is GRANTED as to all the material that was submitted for *in camera* review, except for Bates No. 5 and Bates No. 17, question and answer 23. The Defendants may redact those portions of the documents.

Within 14 days of the date of this Order, the parties may file objections to this Order. If timely objections are filed, the records need not be produced until after the objections are resolved.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: May 19, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 19, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen