UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERI JORDAN, as personal
representative of MICHAEL MILLER,
deceased,

      Plaintiff,      No. 14-cv-13796

vs.

CITY OF TAYLOR, et al.,

      Defendants.
_____/

*and*

TERI JORDAN, as personal
representative of MICHAEL MILLER,
deceased,

      Plaintiff,      No. 15-cv-12415

vs.

CORPORAL MIKE TAYLOR and
CORPORAL PATRICK RABOCZKAY,

      Defendants.
_____/

ORDER DISMISSING CASE No. 15-12415 AND
DENYING MOTION TO CONSOLIDATE CASES, AS MOOT

 At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    August 10, 2015   

 PRESENT: Honorable Gerald E. Rosen
       United States District Chief Judge

1

I. INTRODUCTION

The above-captioned actions for deliberate indifference to the serious medical needs of Plaintiff's decedent, Michael Miller, are before the Court on Plaintiff's Motion to Consolidate Cases filed in Case No. 14-13796 [Dkt. #68]. The Court discussed Plaintiff's filing of the second case, Case No. 15-12415, and this Motion with counsel for the parties during a Status Conference held on July 29, 2015. Having reviewed and considered Plaintiff's Motion and the arguments advanced by her attorney, both in her brief and at the Status Conference, the Court is now prepared to decide this matter.

II. PERTINENT FACTS

On October 2, 2014, while Michael Miller was still alive but comatose and incapacitated, Teri Jordan, as his conservator, filed this lawsuit in this Court, naming as defendants the City of Taylor, Taylor Police Chief Dale Tamsen, and the four individual officers working in the jail the night of September 9, 2012 -- Sergeant Eric Godlewski and Public Safety Officers Nicholas Seletti, Justin Yunk and Catherine Volante. In her three-count Complaint, Plaintiff alleged § 1983 claims of deliberate indifference to serious medical needs against the individual officers and failure to train/failure to supervise/inadequate policies and/or procedures against the City and the police chief, and a state law claim of "gross negligence, intentional, willful and wanton conduct" against all of the defendants.

An Amended Complaint was filed on February 13, 2015[1] which added Lieutenant Dale Chapman of the Taylor Police Department as an additional party-defendant[2] -- but no changes were made in any of the factual allegations or the nature of the claims. In fact, *all* of the allegations in the Amended Complaint are verbatim identical to those in the original Complaint.

Then, on March 30, 2015, Plaintiff moved for leave to file a Second Amended Complaint, seeking to add two more Taylor police officers -- Michael Taylor and Patrick Raboczkay -- as party-defendants. Plaintiff claimed that the involvement of these two officers was not revealed until discovery, hence, the reason for moving to further amend her Complaint to add them more than two months past the deadline for doing so.

However, that the officers' involvement in the case was not revealed until the parties had engaged in discovery was not borne out by the pleadings: Both Taylor and Raboczkay were identified as the officers who were dispatched to the Kmart where Miller was caught shoplifting. According to the original Complaint, *which was filed 5 months earlier*, it was these two officers who arrested Miller and transported him to the police station, and four paragraphs within the Complaint were devoted to the

---

[1] The Scheduling Order set January 15, 2015 as the deadline for filing an amended complaint. By stipulated order, that deadline was extended until February 15, 2015.

[2] As Michael Miller had died by the time Plaintiff filed her Amended Complaint, a titular change was also made in denomination of the party-plaintiff -- "Teri Jordan, as conservator for Michael Miller," was changed to "Teri Jordan, as Personal Representative for the Estate of Michael Miller, deceased."

involvement of these two officers. [See Compl., ¶¶ 17-21.] These same allegations about Taylor's and Raboczkay's involvement were re-asserted -- unchanged -- in the First Amended Complaint [See Amend. Compl., ¶¶ 17-21.] In seeking leave to amend the second time in March 2015 to add these two officers as party-defendants, Plaintiff offered no reason for her delay other than the patently untrue claim of having then just discovered Taylor's and Raboczkay's involvement.

Finding insufficient cause for the delay, the Court denied Plaintiff's motion. Plaintiff never moved for reconsideration of the Court's decision.

Instead, on July 7, 2015 Plaintiff filed a separate Complaint, *Jordan v. Taylor*, No. 15-12415, naming as the only party-defendants in this new Complaint, "Corporal Mike Taylor and Corporal Patrick Raboczkay" -- i.e., the same two officers Plaintiff had been denied leave to add as party-defendants in this case. Other than eliminating the failure to train/inadequate policies and procedures claim against the City of Taylor and the Police Chief (which was asserted as Count II in the original action), Plaintiff's allegations in the new Complaint are the identical allegations made in first case. The new Complaint was assigned to Judge Edmunds, who subsequently re-assigned the case to this Court as a "companion case" pursuant to E.D. Mich. Local Rule 83.11(b)(7).

Then, on July 23, 3015, Plaintiff filed a motion in this case to consolidate the two actions "for the sake of judicial economy." *See* Case No. 14-13796, Dkt. # 68.

4

## III. DISCUSSION

As the Court indicated at the July 29 Status Conference, it is inescapable that Plaintiff's filing of the second Complaint was a blatant attempt to evade a Court Order and a clear abuse of the litigation process: The Court had denied Plaintiff leave to add Officers Taylor and Raboczkay as party-defendants in this action. Therefore, she filed a separate Complaint, intending, as counsel admitted, to move to consolidate the second case with, and merge it into, this case.[3] In other words, one way or another, Plaintiff intended to get what the Court had refused to give her: Taylor and Raboczkay as additional party-defendants in this action. Such conduct cannot be condoned.

Fed. R. Civ. P. 41(b) permits a court to dismiss a case for failure to comply with a court order. *Bentkowski v. Scene Magazine*, 637 F.3d 689, 697 (6th Cir. 2011). A court also has an "inherent power" to "levy sanctions in response to abusive litigation practices." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *Link v. Wabash R. Co.*, 370 U.S. 626, 632, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). This inherent power includes the power to dismiss a case as a sanction for failure to obey court orders. *United Markets Int'l v. Legg*, 24 F.3d 650, 654 (5th Cir. 1994). *See also*, *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 233 (6th Cir.1983) (holding that it is within a district court's inherent power to dismiss a case for a party's or a party's counsel's "contumacious conduct" in disobeying court orders).

---

[3] Counsel made this admission only after the Court had stated that it viewed her actions in filing this separate action as an attempt at "judge shopping."

> Further, as the Supreme Court stated in *Link, supra*,
>
> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Link*, 370 U.S. at 633-34, 82 S.Ct.at1390 (internal punctuation and citation omitted).

Having reviewed and considered this matter, the Court concludes that Plaintiff's counsel's attempt to evade this Court's prior Order denying her request to add Officers Taylor and Raboczkay as party-defendants warrants dismissal of her newly-filed separate case. By engaging in an attempt to circumvent a court order, an attorney violates not only her "duty to the legal system to abide by the rules of substance and procedure which shape the administration of justice," but also her "obligation to maintain the respect due to the courts for justice and judicial officers." *Standing Committee on Discipline v. Yagman*, 856 F. Supp. 1395, 1396 (C.D. Cal. 1994), *rev'd on other grounds*, 55 F.3d 1430 (9th Cir. 1995). "There was a day when clever counsel were admired by some for inventive methods [but] . . . [t]hat day has passed." *Stagner v. Pitts*, 7 F.3d 1045, 1993 WL 375809 at **3 (10th Cir. 1993).

Moreover, dismissal of Plaintiff's newly-filed Complaint will not deprive Plaintiff of her day in court. While, "[t]he opportunity to be heard is a litigant's most precious right and should sparingly be denied," *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1020 (8th

Cir.1999), Plaintiff's action against the City of Taylor and the individual officers on duty at the jail on September 9, 2012 is on-going and is unaffected by the instant ruling. She, therefore, is not being denied her day in court.

Finally, and as discussed at the July 29 Status Conference, the conduct of Plaintiff's counsel in seeking to evade the Court's Order certainly would warrant the imposition of sanctions beyond the dismissal of Plaintiff's newly-filed Complaint. Nonetheless, the Court elects not to impose such sanctions at this time. Plaintiff's counsel is cautioned, however, that any further attempts to circumvent the Court's rulings or otherwise abuse the litigation process will lead to the imposition of severe sanctions.

## IV. CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Complaint in *Jordan v. Taylor et al.*, No. 15-12415, is DISMISSED, in its entirety. Accordingly,

IT IS FURTHER ORDERED that the Motion to Consolidate Cases filed by Plaintiff in the 2014 case, *Jordan v. City of Taylor, et al.*, No. 14-13796 **[Dkt. # 68]**, is denied as MOOT.

SO ORDERED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: August 10, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 10, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135