
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERI JORDAN, as personal
representative of MICHAEL MILLER,
deceased,

      Plaintiff,      No. 14-cv-13796

vs.             Hon. Gerald E. Rosen

CITY OF TAYLOR, et al.,

      Defendants.
_____/

ORDER GRANTING DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S WITNESSES SUGAR MILLER AND PEBBLES MILLER

      At a session of said Court, held in
      the U.S. Courthouse, Detroit, Michigan
      on November 19, 2015

      PRESENT: Honorable Gerald E. Rosen
             United States District Chief Judge

   This matter is presently before the Court on the October 29, 2015 Motion of the Defendants to Strike Plaintiff's Witnesses Sugar Miller and Pebbles Miller. Plaintiff has not responded to Defendants' Motion and the time for doing so has expired.

   In this motion, Defendants renew their request that the Court order that Sugar and Pebbles Miller be stricken as witnesses and precluded from testifying in this action because of their failure to appear for their depositions. The Court addressed Defendants' first motion to strike these witnesses in a status conference with counsel for the parties on

July 29, 2015, and thereafter formalized its ruling in its subsequent August 6, 2015 Order Regarding Pending Motions. In that Order, the Court ordered Plaintiff to provide Defendants with addresses of Pebbles Miller, the decedent's sister, and Sugar Miller, the common-law-wife of the decedent's brother, who had previously failed to appear for their depositions, and that Defendants then subpoena them to appear for their depositions.[1] In addition, the Court instructed Plaintiff's counsel to specifically inform Pebbles Miller, a potential claimant/heir of the decedent's estate, that "if she fails to appear for her deposition as subpoenaed, the Court may preclude her from sharing in any award of damages in this case." [8/6/15 Order, pp. 2-3.]

However, Defendants were never able properly re-subpoena Pebbles or Sugar Miller for their depositions as Plaintiff's counsel never provided defense counsel with their addresses. After being pressed for a date for the depositions, on October 2, 2015, Plaintiff's attorney, Rebecca Filiatraut, emailed Defendants' attorneys informing them they that "[she] ha[s] tried to locate Sugar and Pebbles but ha[s] been unable to do so." [*See* Defendants' Motion Ex. C]. She further stated that she "ha[s] also been unable to obtain their cooperation with the deposition process." *Id.* Therefore, Ms. Filiatraut informed defense counsel that Plaintiff "will not be calling them as witnesses at trial." *Id.*

---

[1] Plaintiff's counsel had previously agreed to produce Pebbles and Sugar Miller for their depositions and Defendants, accordingly, served subpoenas *duces tecum* on Plaintiff's attorney, but neither Pebbles nor Sugar appeared on the date subpoenaed date.

In light of the foregoing, in an attempt to avoid this Motion, Defendants prepared and presented Plaintiff's counsel with a stipulated order striking Sugar Miller and Pebbles Miller from Plaintiff's Witness List, prohibiting Plaintiff from calling these two individuals as witnesses at trial, and precluding Plaintiff from making any claim on behalf of Pebbles Miller as a potential claimant/heir of the decedent's estate. Plaintiff's counsel refused to stipulate to this relief.

Because Plaintiff has been unable to locate Sugar or Pebbles Miller or obtain their cooperation, Defendants have been denied an opportunity to discover what information they might possess concerning the decedent or decedent's claims, or what they might testify about at trial. Therefore, Defendants would be severely prejudiced if Plaintiff is permitted to offer these witnesses at trial. Further, the Court warned Plaintiff in its August 6, 2015 Order that if Pebbles Miller refused to be deposed, the Court would preclude her from sharing in any award of damages as a potential claimant/heir of Decedent's estate. In light of all of the foregoing, the Court finds that the relief requested by Defendants in the instant Motion should be granted.

Accordingly,

IT IS HEREBY ORDERED that Sugar Miller and Pebbles Miller be STRICKEN from Plaintiff's Witness List.

IT IS FURTHER ORDERED that Plaintiff will not be permitted to call Sugar Miller or Pebbles Miller to testify, in any capacity, at trial.

IT IS FURTHER ORDERED that Pebbles Miller, as a potential claimant/heir to the Estate of Michael Miller, deceased, shall be precluded from sharing in any award of damages in this action.

SO ORDERED.

                                        s/Gerald E. Rosen  
                                        Chief Judge, United States District Court

Dated: November 19, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 19, 2015, by electronic and/or ordinary mail.

                                        s/Julie Owens  
                                        Case Manager, (313) 234-5135